28153, 28154.   MILLER *v.* GEORGIA POWER COMPANY, and *vice versa.*

DECIDED MAY 16, 1940.

602

*E. C. Stark, Joe Quillian,* for plaintiff.

*Davis & Stephens, Erwin & Nix,* for defendant.

FELTON, J. (After stating the foregoing facts.) The grant of a nonsuit was not error under the facts in the case. The case was predicated upon the idea that the fire was caused by an excess current of electricity going into the house. The evidence, while tending to eliminate two other possible causes, also eliminated electricity as a more probable cause. It was not shown how the leaning of a light pole would affect the flow of electricity into the house. If the house was properly fused (and there is no evidence that it was not), any appreciable excess of current would most probably have blown the fuses, in which event the fire, if it started from an electrical cause, would most probably have started at the switch-box which was on the front of the house, and not in the kitchen at the back of the house. It seems to be the contention of the plaintiff that the excessive current caused shocks from light sockets and electrical fixtures, and likewise caused bulbs to flash and burn out. The very fact that shocks were felt when touching an outlet or fixture tended to show that no excess of current was coming into the house, since no injury from any of these shocks was shown. Testimony to the effect that a short while before the fire started the witness saw a light flashing up and going off in the kitchen seems to be relied on as establishing the contention that there was excessive current in the electric-light bulb in the kitchen. If the light the witness saw was the flashing of the bulb, it is difficult to understand how it could have caused a fire. In the first place, it would have burned out before it could have ignited; and if it could possibly have heated after blowing out, it is difficult to see how it

could have set fire to the house. There was no expert testimony throwing any light on the causes and effects of excessive currents. A jury would have been in no better position to learn what the truth was than is this court; and we are entirely in the dark as to the cause of the fire. A jury would have been without information upon which to base a rational and logical finding that electricity was responsible for the fire. The evidence plainly failed to preponderate toward that theory. In this view it is unnecessary to decide other questions involved. It was not error to grant a nonsuit.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Sutton, J., and MacIntyre, J., concur. Stephens, P. J., disqualified.*